**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA**

| | | |
|---|---|---|
| NEICY MENDOZA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO. |
| v. | § | |
| | § | |
| WHITE STAR LOGISTICS, LLC; DAR | § | |
| LOGISTICS, LLC; SOBY LOGISTICS, | § | **JURY TRIAL DEMANDED** |
| LLC; and ALI AHMED HAMOUDA | § | |
| ABDELRAHMAN, | § | |
| | § | |
| Defendants. | § | |

---

## COMPLAINT

---

COMES NOW Neicy Mendoza (hereinafter "Ms. Mendoza" or "Plaintiff"), and files her complaint, and shows unto the Court as follows:

### PARTIES

1.  Ms. Mendoza is a resident, citizen of, and domiciled in the State of Michigan.

2.  According to the Ohio Secretary of State, Saad Adam and Kamaldine Moustapha organized and incorporated Defendant White Star Logistics, LLC (hereinafter "White Star Logistics") in the State of Ohio on December 16, 2016.

3.  Defendant White Star Logistics remains an active entity domiciled in the State of Ohio.

4.  Upon information and belief, Kamaldine Moustapha is a resident, citizen of, and domiciled in the State of Ohio.

5. According to the Ohio Secretary of State, Defendant White Star Logistics can be served with a copy of the complaint and summons through its statutory agent, LegalInc Corporate Services, Inc., 1991 Crocker Road, Suite 600A, Westlake, Ohio, 44145.

6. According to the Texas Secretary of State, Saad Adam organized and incorporated White Star Logistics, LLC, in the State of Texas on March 23, 2018. According to the Certificate of Formation, the LLC was to be managed by its managers, Saad Adam and Yasir Baraka, who provided an address of 4801 Canyon Trail N, #2906, Euless, Texas, 76040.[1]

7. Upon information and belief, Saad Adam and Yasir Baraka are residents, citizens of, and domiciled in the State of Texas.

8. On January 14, 2022, White Star Logistics, LLC, submitted a Certificate of Amendment to change its name to Dar Logistics, LLC (hereinafter "Dar Logistics") in the State of Texas.[2]

9. Defendant Dar Logistics is the successor, owner, or otherwise affiliated with White Star Logistics, LLC, and is a motor carrier domiciled, organized and incorporated in the State of Texas with its principal place of business located at 714 N Watson Road, Suite 320, Arlington, Texas, 76011-5330, and was transacting business in the State of Tennessee on the date at issue.

10. According to the Texas Secretary of State, Defendant Dar Logistics can be served with a copy of the complaint and summons through its registered agent, Amer I. Ahmed, 1301 Riverside Dr., Fort Worth, Texas, 76111.

---

[1] This was the same address noted for White Star Logistics in the Tennessee Highway Patrol Crash Report in this cause of action. In a Certificate of Amendment filed May 7, 2018, White Star Logistics, LLC, added Gamaleldin Siddig as a manager with an address in Arlington, Texas. In a Certificate of Amendment filed October 18, 2018, White Star Logistics deleted Gamal Siddig and Yasir Baraka as managers of the organization. However, in a Certificate of Amendment filed October 11, 2019, Yasir Baraka was noted to be a manager with an address of 4001 Kirby Drive, Apt. 110, Fort Worth, Texas, 76155.

[2] White Star Logistics, LLC, incorporated by Saad Adam in the State of Texas on March 23, 2018, and Dar Logistics, LLC, are one and the same for all purposes in this action and will collectively be referred to as "Dar Logistics," unless otherwise noted.

11. According to the Federal Motor Carrier Safety Administration, Defendant Dar Logistics is a motor carrier registered with the U.S. Department of Transportation under DOT No. 2961445 and Motor Carrier No. 4902; however, the DOT involuntarily revoked its for-hire operating authority on March 22, 2022.

12. According to the Texas Secretary of State, Yasir Baraka organized and incorporated Soby Logistics, LLC (hereinafter "Soby Logistics"), in the State of Texas on October 13, 2017. According to the Certificate of Formation, the LLC was to be managed by its managers, Yasir Baraka and Adam Arjah, who provided an address of 712 North Watson Road, Suite 202C, Arlington, Texas, 76011.[3]

13. Defendant Soby Logistics is a motor carrier domiciled, organized and incorporated in the State of Texas with its principal place of business located at 1301 Riverside Dr., Fort Worth, Texas, 76111, and was transacting business in the State of Tennessee on the date at issue.

14. According to the Federal Motor Carrier Safety Administration, Defendant Soby Logistics can be served with a copy of the complaint and summons through its registered agent, Lisa Blackwell, Truck Process Agents of America, Inc, 1477 Joppa Road, Walling, Tennessee, 38587.

15. According to the Federal Motor Carrier Safety Administration, Defendant Soby Logistics is a motor carrier registered with the U.S. Department of Transportation under DOT No. 3060873 and Motor Carrier No. 55164.

---

[3] In a Certificate of Amendment filed October 26, 2018, Soby Logistics deleted Adam Arjah as a manager and agent of the corporation, and changed its business address to 4708 North Canyon Trail, Apt. 3106, Euless, Texas, 76040.  In a Certificate of Amendment filed on January 30, 2021, Soby Logistics purported to delete "Saad Omar Adam" from the Certificate of Formation, and changed the registered agent to Yasir Bakara with an address of 2420 N Fielder Road, Arlington, Texas, 76012.

16. Upon information and belief, Defendant Ali Ahmed Hamouda Abdelrahman (hereinafter "Ali Hamouda Abdelrahman") is a resident, citizen of, and domiciled in the State of Colorado and can be served with a copy of the complaint and summons at 1211 S Quebec Way, Apt. 12-304, Denver, Colorado, 80231.

17. Upon information and belief, and as more fully set forth in the complaint, Defendants Ali Hamouda Abdelrahman, White Star Logistics, and/or Dar Logistics were working for, on behalf of, or jointly with Defendant Soby Logistics at the time of the wreck.

18. **NOT TO BE READ TO THE JURY**: Plaintiff alleges that one or more of the Defendants is uninsured, or underinsured, and as such invokes her contractual rights with her insurance carrier, Liberty Mutual Insurance Company, which can be served through the Tennessee Commissioner of Insurance, 500 James Robertson Parkway, Nashville, TN 37242-1131.

## JURISDICTION & VENUE

19. Jurisdiction is proper to this Court pursuant to 28 U.S.C. § 1332 as there is complete diversity amongst the parties and the value in controversy exceeds $75,000, exclusive of interests and costs.

20. Venue is proper with this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred within the judicial district.

## RELATIONSHIP & DUTIES OF THE PARTIES

21. Defendants White Star Logistics, Dar Logistics, and Soby Logistics (collectively "the Trucking Defendants") are, or were, interstate motor carriers.

22. The provisions of 49 CFR §§ 301-399, commonly referred to as the "Federal Motor Carrier Safety Regulations" or "FMCSR" are applicable to this case and all Defendants were subject

4

to and required to obey these regulations at the time of the wreck and at all relevant times prior to the wreck.

23. Defendant White Star Logistics was the owner of the tractor operated by Defendant Ali Hamouda Abdelrahman at the time of the wreck.

24. Alternatively, Defendant Dar Logistics was the owner of the tractor operated by Defendant Ali Hamouda Abdelrahman at the time of the wreck.

25. Alternatively, Defendant Soby Logistics was the owner of the tractor operated by Defendant Ali Hamouda Abdelrahman at the time of the wreck.

26. Alternatively, Defendant Ali Hamouda Abdelrahman operated the tractor at the direction, and under the control and authority, of one or more of the Trucking Defendants.

27. Each of the Trucking Defendants are for hire motor carriers transporting property, to specifically include the tractor and the trailer, in interstate commerce at the time of the wreck.

28. The tractor-trailer had a gross vehicle weight rating (GVWR) in excess of 26,001 or more pounds, making it a commercial motor vehicle.

29. At the time of the wreck, Defendant Ali Hamouda Abdelrahman was an employee and/or agent of one or more of the Trucking Defendants.

30. At all relevant times, Defendant Ali Hamouda Abdelrahman was a truck driver for one or more of the Trucking Defendants and was acting within the scope and course of the business of the Trucking Defendants.

31. At all relevant times, Defendant Ali Hamouda Abdelrahman was an employee, agent, apparent agent, and/or servant contracted to perform services for one or more of the Trucking Defendants, was working under the Trucking Defendants' operating authority, and was a permissive driver of the tractor-trailer.

5

32. At all relevant times, Defendant Ali Hamouda Abdelrahman was acting in the course and scope of said employment, agency, apparent agency, and/or service and subject to the Trucking Defendants' control, or right to control, such that one or more of the Trucking Defendants should be considered his actual and statutory employer.

33. At all relevant times, the Trucking Defendants were regularly engaged in a commercial enterprise that involved the use of commercial motor vehicles and had a duty and obligation to the public to exercise reasonable care in working with safe motor carriers and CDL drivers.

34. At all relevant times, the Trucking Defendants were acting by and through their employees/agents and are responsible for the acts of those employees and agents pursuant to *respondeat superior*, agency, negligent entrustment, negligent hiring of an independent contractor, or similar theory of law.

35. At all relevant times, all Defendants were acting in a joint enterprise.

36. One or more of the Trucking Defendants was a for-hire motor carrier transporting property in interstate commerce on the day of the wreck.

37. One or more of the Trucking Defendants had a duty to maintain the tractor-trailer to ensure the safety of citizens on the roads, interstates and highways.

38. One or more of the Trucking Defendants had a duty to properly hire qualified tractor-trailer drivers to ensure the safety of citizens on the roads, interstates and highways.

39. One or more of the Trucking Defendants had a duty to properly train its tractor-trailer drivers to ensure the safety of citizens on the roads, interstates and highways.

40. Defendant Ali Hamouda Abdelrahman is a professional commercial truck driver, and as such, should have acted as a reasonably prudent professional commercial truck driver would have acted in the same or similar situation.

6

41. Defendant Ali Hamouda Abdelrahman had a duty to inspect the tractor-trailer before driving it to ensure the safety of citizens on the roads, interstates and highways.

42. Defendant Ali Hamouda Abdelrahman had a duty to give full attention to the traffic around him to ensure the safety of citizens on the roads, interstates and highways.

43. Defendant Ali Hamouda Abdelrahman had a duty to operate the tractor-trailer with the same care as other similarly situated tractor-trailer drivers to ensure the safety of citizens on the roads, interstates and highways.

## STATEMENT OF FACTS

44. All preceding statements of the complaint are incorporated herein and realleged as if expressly set forth herein.

45. Driving tractor-trailers on the roads, highways and interstates of this country is dangerous and can result in collisions involving injury and/or death unless skillfully and carefully done.

46. When fully loaded, a single tractor-trailer can weigh as much as 80,000 pounds.

47. As a result of the potential dangers to the motoring public, the federal government requires all interstate trucking companies to be registered with a DOT number. See 49 U.S.C. §§ 13902 and 31134.

48. Defendant Dar Logistics was a motor carrier registered with the U.S. Department of Transportation under DOT No. 2961445 and Motor Carrier No. 4902; however, the DOT involuntarily revoked its operating authority on March 22, 2022.

49. According to the Federal Motor Carrier Safety Administration, Dar Logistics' for-hire operating authority was involuntarily revoked on three prior occasions: July 5, 2017 (reinstated July 8, 2017); December 27, 2021 (reinstated February 10, 2022); and, March 22, 2022.

7

50. Defendant Dar Logistics knew that its drivers were required to obey the maximum hours of service required by the Federal Motor Carrier Safety Regulations (hereinafter "FMCSR").

51.  Despite that knowledge, Defendant Dar Logistics routinely required and or allowed its drivers to exceed these maximum hours.

52. The Federal Motor Carrier Safety Administration (FMCSA) reports Dar Logistics drivers regularly exceeded the maximum hours of service from August 2020 through July 30, 2021.

53. Specifically, the FMCSA reported the following:

| | Aug 28 2020 | Sep 25 2020 | Oct 30 2020 | Nov 27 2020 | Dec 18 2020 | Jan 29 2021 |
|---|---|---|---|---|---|---|
| | 3.0.10 | 3.0.10 | 3.0.10 | 3.0.10 | 3.0.10 | 3.0.10 |
| **HOS Compliance** | | | | | | |
| On-Road Performance Measure | 2.35 | 2.27 | 2.30 | 2.32 | 2.37 | 2.28 |
| Investigation Results | | | | | | |

| | Feb 26 2021 | Mar 26 2021 | Apr 30 2021 | May 28 2021 | Jun 25 2021 | Jul 30 2021 |
|---|---|---|---|---|---|---|
| | 3.0.10 | 3.0.10 | 3.0.10 | 3.0.10 | 3.0.10 | 3.0.10 |
| **HOS Compliance** | | | | | | |
| On-Road Performance Measure | 2.29 | 2.45 | 2.49 | 2.60 | 2.52 | 2.67 |
| Investigation Results | | | | | | |

54. As a result of the repeated violations, Defendant Dar Logistics was prioritized for intervention by the FMCSA/DOT.

55. The FMCSA both supervises and inspects trucking companies it licenses and provides safety ratings for the companies, which it publishes for free on the internet.

56. Licensed trucking companies are either non-rated by the FMCSA or are provided one of three safety ratings: satisfactory, conditional, or unsatisfactory.

57. Safer trucking companies are provided "satisfactory" safety ratings. <u>See</u> 49 C.F.R. § 385.3 (definition of "satisfactory safety rating").

58. Companies with known systemic problems and risks are given "CONDITIONAL" safety ratings, and the FMCSA provides those conditional companies advice and materials to improve operations, eliminate known problems, and obtain a satisfactory rating.

59. A "CONDITIONAL" safety rating indicates that the trucking company "does not have adequate safety management controls in place to ensure compliance with the safety fitness standards that could result in occurrences of violations listed in 49 C.F.R. § 385.5(a-k)." <u>See</u> 49 C.F.R. § 385.3 (definition of "conditional safety rating").

60. Violations of 49 CFR § 385.5(a-k) include:

> a. Commercial driver's license standard violations;
>
> b. Inadequate levels of financial responsibility;
>
> c. The use of unqualified drivers;
>
> d. Improper use and driving of motor vehicles;
>
> e. Unsafe vehicles operating on the highways;
>
> f. Failure to maintain accident registers and copies of accident reports;
>
> g. The use of fatigued drivers;
>
> h. Inadequate inspection, repair, and maintenance of vehicles;
>
> i. Transportation of hazardous materials, driving and parking rule violations;
>
> j. Violation of hazardous materials regulations; and
>
> k. Motor vehicle accidents and hazardous materials incidents.

9

61. On October 10, 2020, Defendant Dar Logistics was determined after inspection to have a safety rating of "CONDITIONAL" by the FMCSA/DOT.

62. Defendant Dar Logistics' safety rating remained "CONDITIONAL" at all relevant times, to specifically include August 11, 2021.

63. According to the Federal Motor Carrier Safety Administration, as of July 25, 2022, Defendant Dar Logistics accrued an out-of-service ("OOS") rate of forty percent (40%) for its vehicles, nearly double the national average, and an OOS rate of twenty percent (20%) for its drivers, over three times the national average:

U.S. DOT# 2961445 has no current for-hire operating authority with FMCSA.

**DAR LOGISTICS LLC**
U.S. DOT#: 2961445
Address: 714 N WATSON RD SUITE 320
ARLINGTON, TX 76011
Number of Vehicles: 17
Number of Drivers: 17
Number of Inspections: 26

**Safety Rating & OOS Rates**
(As of 07/25/2022 updated daily from SAFER)

CONDITIONAL
(Rating Date: 10/10/2020)

**Out of Service Rates**

| Type | OOS % | National Avg % |
|---|---|---|
| Vehicle | 40.0 | 21.4 |
| Driver | 20.0 | 6.0 |
| Hazmat |  | 4.5 |

64. Despite the "CONDITIONAL" safety rating, Defendant Soby Logistics negligently hired, entrusted, contracted and/or brokered a load with, or cooperated with Defendant Dar Logistics.

65. On August 11, 2021 at approximately 12:48 a.m., Defendant Ali Hamouda Abdelrahman was driving a tractor-trailer owned by one or more of the Defendants southbound on Interstate 75 in Athens, McMinn County, Tennessee.

66. Defendant Ali Hamouda Abdelrahman was transporting property in interstate commerce.

67. The weather was clear, and the interstate was dry, straight and level.

10

68. In the area of the wreck, Interstate 75 is a divided public interstate highway with two lanes of travel in both the north and southbound directions.

69. Defendant Ali Hamouda Abdelrahman was driving in the passing lane.

70. Defendant Ali Hamouda Abdelrahman failed to maintain his lane of travel.

71. Defendant Ali Hamouda Abdelrahman drove from the passing lane into the travel lane without confirming that the lane change could be safely made, colliding with the driver's side of the Hyundai sedan operated by Ms. Mendoza as depicted by the following image from the Tennessee Crash Report:



72. Defendant Ali Hamouda Abdelrahman failed to give full attention to the roadway, endangering the safety of Ms. Mendoza and other motorists.

73. Defendant Ali Hamouda Abdelrahman failed to ensure that he could safely change lanes before attempting to do so.

74. Defendant Ali Hamouda Abdelrahman failed to ensure there was a safe distance around the tractor-trailer.

11

75. Defendant Ali Hamouda Abdelrahman failed to exercise the due care a licensed commercial motor vehicle driver would use in the operation of the tractor-trailer.

76. Defendant Ali Hamouda Abdelrahman operated the tractor-trailer in a negligent, careless, reckless, and dangerous manner.

77. The Tennessee Highway Patrol investigated the collision and interviewed Defendant Ali Hamouda Abdelrahman.

78. According to the Tennessee Crash Report, Defendant Ali Hamouda Abdelrahman identified the trucking company he was working for as "White Star Logistics" with an address of "4801 Canyon Trail N, #2906, Euless, Texas, 76040." This is the address associated with Saad Adam, the incorporator/organizer of White Star Logistics, LLC, in the State of Texas.

79. Upon information and belief, Defendant Ali Hamouda Abdelrahman provided an insurance policy (#ALP001706) for My Trucking Agent that was associated with Defendant Soby Logistics.

80. The tractor operated by Defendant Ali Hamouda Abdelrahman had a vehicle identification number (VIN) number of 3ALACWDT8FDFZ1902 and a registration number of K133669.

81. Although the Tennessee Crash Report did not memorialize the DOT and Motor Carrier numbers on the side of the tractor, upon information and belief, the DOT and Motor Carrier numbers displayed on the tractor belonged to Defendant Soby Logistics, as the following detailed Inspection Report, matching the VIN and registration for the tractor, and the date/time of the post-crash investigation, is documented in the Federal Motor Carrier Safety Administration Safety Measurement System ("SMS") Profile for Defendant Soby Logistics:

12



**Detailed Inspection Report as of 6/24/2022**

| CARRIER INFORMATION | | TIME/LOCATION | |
|---|---|---|---|
| Carrier Name: | Soby Logistics Llc | Report #: | TNTEUQ000169 |
| U.S. DOT#: | 3060873 | Report State: | TN |
| Carrier Address: | 1275 Riverside Dr | State: | TN |
| | Fort Worth, TX 76111 | Date: | 8/11/2021 |
| | | Start Time: | 0055 |
| | | End Time: | 0125 |
| | | Level: | I. Full |
| | | Facility: | Roadside |
| | | Post Crash Inspection: | No |
| | | Hazmat Placard Required: | No |

**VEHICLE INFORMATION**

| UNIT | TYPE | MAKE | PLATE STATE | PLATE NUMBER | VIN |
|---|---|---|---|---|---|
| 1 | Straight Truck | FRHT | TX | K133669 | 3ALACWDT8FDFZ1902 |

**CARRIER VIOLATIONS**

| VIO CODE | SECTION | UNIT | OOS | DESCRIPTION | INCLUDED IN SMS | BASIC | REASON NOT INCLUDED IN SMS |
|---|---|---|---|---|---|---|---|
| | | | | No Violations | | | |

82. Ms. Mendoza is a member of the public.

83. No act of Ms. Mendoza was a cause of the wreck.

84. No failure to act by Ms. Mendoza was a cause of the wreck.

85. Ms. Mendoza bears zero percent (0%) fault for the wreck.

86. Ms. Mendoza's vehicle was a total loss as a result of the wreck.

87. Ms. Mendoza was seriously injured as a result of the wreck.

<u>**COUNT I**</u>
<u>**NEGLIGENCE OF THE TRUCKING COMPANY DEFENDANTS**</u>
<u>**NEGLIGENT HIRING, TRAINING, ENTRUSTMENT,**</u>
<u>**SUPERVISION, RETENTION, AND MAINTENANCE**</u>

88. All preceding statements and allegations of the complaint are incorporated and realleged as if expressly set forth herein.

89. Regardless of the employment relationship, upon information and belief, Defendant Soby Logistics is the registered owner of both the DOT and MC numbers displayed on the tractor

13

involved in this wreck and is therefore responsible for the acts of the driver of that commercial motor vehicle.

90. Alternatively, Defendant Dar Logistics is the registered owner of both the DOT and MC numbers displayed on the tractor involved in this wreck and is therefore responsible for the acts of the driver of that commercial motor vehicle.

91. Alternatively, Defendant White Star Logistics is the registered owner of both the DOT and MC numbers displayed on the tractor involved in this wreck and is therefore responsible for the acts of the driver of that commercial motor vehicle.

92. At all times relevant to this cause of action, the Trucking Defendants were subject to and required to obey the minimum safety standards established by the Federal Motor Carrier Safety Regulations ("FMCSR") (49 CFR §§ 301-399), either directly or as adopted by the Tennessee Department of Transportation Safety Rules & Regulations 1340-6-1-.08 and pursuant to T.C.A. §§ 65-15-101, 65-15-102 and 65-15-111.

93. The FMCSR was enacted to prevent crashes involving members of the public, such as Ms. Mendoza.

94. The Defendants will be shown at trial to have violated the Federal Motor Carrier Safety Regulations which constitutes negligence *per se*, including but not limited to:

    a. Part 383   Commercial Driver's License Standards

    b. Part 390   General

    c. Part 391   Qualifications of Drivers

    d. Part 392   Driving of Commercial Motor Vehicles

    e. Part 393   Parts and Accessories Necessary for Safe Operation

    f. Part 395   Hours of Service

14

g. Part 396    Inspections, Repairs, and Maintenance

95. One or more of the Trucking Defendants was required to teach and train Defendant Ali Hamouda Abdelrahman to understand and obey the rules and regulations contained in the FMCSR.

96. One or more of the Trucking Defendants was negligent, and grossly negligent, in:

    a.   failing to properly maintain the tractor-trailer involved in the collision;

    b.   failing to properly inspect the tractor-trailer involved in the collision;

    c.   hiring and/or contracting with Defendant Ali Hamouda Abdelrahman to drive the tractor-trailer at issue;

    d.   failing to train Defendant Ali Hamouda Abdelrahman on the provisions of the FMCSR and Commercial Driver's Manual;

    e.   failing to train Defendant Ali Hamouda Abdelrahman to properly drive the tractor-trailer;

    f.   failing to train Defendant Ali Hamouda Abdelrahman to properly inspect the tractor-trailer;

    g.   failing to train Defendant Ali Hamouda Abdelrahman to properly maintain the tractor-trailer;

    h.   entrusting Defendant Ali Hamouda Abdelrahman with the tractor-trailer;

    i.   failing to supervise Defendant Ali Hamouda Abdelrahman while driving the tractor-trailer;

    j.   retaining Defendant Ali Hamouda Abdelrahman to drive the tractor-trailer;

    k.   failing to conduct proper and required checks on the background of their employee, agent and/or contractor, Defendant Ali Hamouda Abdelrahman; and

    l.   failing to exercise ordinary care to determine their employees' agents' and/or contractors' fitness for the task of driving a commercial vehicle interstate.

97. One or more of the Trucking Defendant had a duty to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe and negligently failed to do so.

15

98. In addition to its involuntarily revocations, and OOS rates that grossly exceeded the national average for its vehicles and drivers, Defendant Dar Logistics repeatedly violated the federal regulations in the areas Unsafe Driving, Hours of Service ("HOS") Compliance, and Vehicle Maintenance, as shown in the Violation Summary and Inspection History below:[4]

| VIOLATION SUMMARY | | | | Violations: 34 | |
|---|---|---|---|---|---|
| Violations | Description | # Violations | # OOS Violations | Violation Severity Weight | BASIC |
| 392.2FC | Following too close | 1 | 0 | 5 | Unsafe Driving |
| 392.2LV | Lane Restriction violation | 1 | 0 | 3 | Unsafe Driving |
| 392.2-SLLS2 | State/Local Laws - Speeding 6-10 miles per hour over the speed limit. | 1 | 0 | 4 | Unsafe Driving |
| 395.22G | Portable ELD not mounted in a fixed position and visible to driver | 1 | 0 | 1 | HOS Compliance |
| 395.30B1 | Driver failed to certify the accuracy of the information gathered by the ELD | 1 | 0 | 1 | HOS Compliance |
| 395.8(e) | False report of drivers record of duty status | 5 | 5 | 7 | HOS Compliance |
| 395.8F01 | Drivers record of duty status not current | 1 | 0 | 5 | HOS Compliance |
| 393.11TL | Truck-Tractor lower rear mud flaps retroreflective sheeting / reflex reflective material requirements for vehicles manufactured after July 1997 | 1 | 0 | 3 | Vehicle Maint. |
| 393.201(a) | Frame cracked / loose / sagging / broken | 1 | 1 | 2 | Vehicle Maint. |
| 393.207(a) | Axle positioning parts defective/missing | 1 | 1 | 7 | Vehicle Maint. |
| 393.47(d) | All Brakes - Insufficient brake lining thickness | 2 | 1 | 4 | Vehicle Maint. |
| 393.47(e) | Clamp or Roto type brake out-of-adjustment | 1 | 0 | 4 | Vehicle Maint. |
| 393.48(a) | Inoperative/defective brakes | 1 | 0 | 4 | Vehicle Maint. |
| 393.53(b) | CMV manufactured after 10/19/94 has an automatic airbrake adjustment system that fails to compensate for wear | 1 | 0 | 4 | Vehicle Maint. |
| 393.75(a)(3) | Tire-flat and/or audible air leak | 3 | 3 | 8 | Vehicle Maint. |
| 393.9 | Inoperable Required Lamp | 1 | 0 | 2 | Vehicle Maint. |
| 393.95(a) | No/discharged/unsecured fire extinguisher | 1 | 0 | 2 | Vehicle Maint. |
| 393.95(f) | No / insufficient warning devices | 2 | 0 | 2 | Vehicle Maint. |
| 393.9T | Inoperable tail lamp | 1 | 0 | 6 | Vehicle Maint. |
| 393.9TS | Inoperative turn signal | 1 | 0 | 6 | Vehicle Maint. |
| 396.13(c) | No reviewing driver signature on DVIR | 1 | 0 | 4 | Vehicle Maint. |
| 396.3(a)(1) | Inspection, repair and maintenance of parts and accessories | 1 | 0 | 2 | Vehicle Maint. |
| 396.3A1B | Brakes (general) Explain: | 1 | 0 | 4 | Vehicle Maint. |
| 396.3(a)1BOS | BRAKES OUT OF SERVICE: The number of defective brakes is equal to or greater than 20 percent of the service brakes on the vehicle or combination | 1 | 1 | 0 | Vehicle Maint. |
| 396.5(b) | Oil and/or grease leak | 1 | 1 | 3 | Vehicle Maint. |
| 396.5B-HWSLIW | Hubs - Wheel seal leaking - inner wheel | 1 | 1 | 2 | Vehicle Maint. |

| INSPECTION HISTORY | | | | | Total Inspections: 26 | | | |
|---|---|---|---|---|---|---|---|---|
| | Report | | | Vehicle | | | Measure | |
| Inspection Date | Number | State | Plate Number | Plate State | Type | Severity Weight (SW) | Time Weight (TiW) | |
| 6/27/2021 | COPF05407710 | CO | R494488 | TX | TRUCK TRACTOR | | 2 | |
| HOS Compliance Violation: 395.8(e) False report of drivers record of duty status (OOS) | | | | | | 7 + 2 (OOS) | | |
| 11/11/2020 | ARA590001105 | AR | P6434B | GA | TRUCK TRACTOR | | 1 | |
| Unsafe Driving Violation: 392.2-SLLS2 State/Local Laws - Speeding 6-10 miles per hour over the speed limit. | | | | | | 4 | | |

---

[4] Safety Measurement System – Complete SMS Profile (U.S. DOT #2961445) downloaded July 26, 2022; https://ai.fmcsa.dot.gov/SMS/Carrier/2961445/CompleteProfile.aspx.

| Date | Report | | | | Vehicle Type | |
|---|---|---|---|---|---|---|
| 10/5/2020 | NM3409202131 | NM | 03BOF7 | MO | TRUCK TRACTOR | 1 |
| Vehicle Maint. Violation: 396.3(a)(1) Inspection, repair and maintenance of parts & accessories | | | | | | 2 |
| | | | | | | |
| 9/11/2020 | TNTBAF001829 | TN | K110413 | TX | STRAIGHT TRUCK | 1 |
| Vehicle Maint. Violation: 393.47(d) All Brakes - Insufficient brake lining thickness | | | | | | 4 |
| 8/24/2020 | WYMKDT001288 | WY | PWN1359 | OH | TRUCK TRACTOR | 1 |
| Vehicle Maint. Violation: 396.3A1B Brakes (general) Explain: | | | | | | 4 |
| Vehicle Maint. Violation: 396.5B-HWSLIW Hubs - Wheel seal leaking - inner wheel (OOS) | | | | | | 2 + 2 (OOS) |
| 8/20/2020 | NM3887214211 | NM | R427106 | TX | TRUCK TRACTOR | 1 |
| Vehicle Maint. Violation: 393.75(a)(3) Tire-flat and/or audible air leak (OOS) | | | | | | 8 + 2 (OOS) |
| 8/20/2020 | SD0020080574 | SD | R494313 | TX | TRUCK TRACTOR | 1 |
| HOS Compliance Violation: 395.8(e) False report of drivers record of duty status (OOS) | | | | | | 7 + 2 (OOS) |
| 8/12/2020 | NYSPF0163839 | NY | R494313 | TX | TRUCK TRACTOR | 1 |
| Vehicle Maint. Violation: 393.75(a)(3) Tire-flat and/or audible air leak (OOS) | | | | | | 8 + 2 (OOS) |
| Vehicle Maint. Violation: 393.201(a) Frame cracked / loose / sagging / broken (OOS) | | | | | | 2 + 2 (OOS) |
| Vehicle Maint. Violation: 393.95(a) No/discharged/unsecured fire extinguisher | | | | | | 2 |
| Vehicle Maint. Violation: 393.95(f) No / insufficient warning devices | | | | | | 2 |
| HOS Compliance Violation: 395.22G Portable ELD not mounted in a fixed position and visible to driver | | | | | | 1 |
| Vehicle Maint. Violation: 396.5(b) Oil and/or grease leak (OOS) | | | | | | 3 + 2 (OOS) |
| 8/1/2020 | OKPE17000383 | OK | R394802 | TX | TRUCK TRACTOR | 1 |
| Vehicle Maint. Violation: 393.207(a) Axle positioning parts defective/missing (OOS) | | | | | | 7 + 2 (OOS) |
| Vehicle Maint. Violation: 393.47(d) All Brakes - Insufficient brake lining thickness (OOS) | | | | | | 4 + 2 (OOS) |
| Vehicle Maint. Violation: 396.3(a)1BOS BRAKES OUT OF SERVICE: The number of defective brakes is equal to or greater than 20 percent of the service brakes on the vehicle or combination (OOS) | | | | | | 0 + 2 (OOS) |
| HOS Compliance Violation: 395.8(e) False report of drivers record of duty status (OOS) | | | | | | 7 + 2 (OOS) |
| Vehicle Maint. Violation: 393.9TS Inoperative turn signal | | | | | | 6 |
| Vehicle Maint. Violation: 393.9T Inoperable tail lamp | | | | | | 6 |
| Vehicle Maint. Violation: 393.9 Inoperable Required Lamp | | | | | | 2 |
| Vehicle Maint. Violation: 393.75(a)(3) Tire-flat and/or audible air leak (OOS) | | | | | | 8 + 2 (OOS) |
| Vehicle Maint. Violation: 393.53(b) CMV manufactured after 10/19/94 has an automatic airbrake adjustment system that fails to compensate for wear | | | | | | 4 |
| Vehicle Maint. Violation: 393.48(a) Inoperative/defective brakes | | | | | | 4 |
| Vehicle Maint. Violation: 393.47(e) Clamp or Roto type brake out-of-adjustment | | | | | | 4 |
| 7/23/2020 | NC0006209349 | NC | AM1762 | ID | STRAIGHT TRUCK | 1 |
| Unsafe Driving Violation: 392.2LV Lane Restriction violation | | | | | | 3 |
| 7/22/2020 | MILITTJ02658 | MI | AM1762 | ID | TRUCK TRACTOR | 1 |
| HOS Compliance Violation: 395.8F01 Drivers record of duty status not current | | | | | | 5 |
| 7/13/2020 | MN00YN002661 | MN | R427106 | TX | TRUCK TRACTOR | 1 |
| HOS Compliance Violation: 395.8(e) False report of drivers record of duty status (OOS) | | | | | | 7 + 2 (OOS) |
| 7/13/2020 | TXS5BJ0XLS55 | TX | R478233 | TX | TRUCK TRACTOR | 1 |
| Vehicle Maint. Violation: 393.11TL Truck-Tractor lower rear mud flaps retroreflective sheeting / reflex reflective material requirements for vehicles manufactured after July 1997 | | | | | | 3 |
| 7/10/2020 | SCP298001253 | SC | R459830 | TX | TRUCK TRACTOR | 1 |
| HOS Compliance Violation: 395.30B1 Driver failed to certify the accuracy of the information gathered by the ELD | | | | | | 1 |
| 6/30/2020 | MIDAUGN02563 | MI | K107299 | TX | STRAIGHT TRUCK | 1 |
| Unsafe Driving Violation: 392.2FC Following too close | | | | | | 5 |
| 6/24/2020 | IL3998380532 | IL | CM10601 | AZ | STRAIGHT TRUCK | 1 |
| Vehicle Maint. Violation: 393.95(f) No / insufficient warning devices | | | | | | 2 |
| HOS Compliance Violation: 395.8(e) False report of drivers record of duty status (OOS) | | | | | | 7 + 2 (OOS) |
| Vehicle Maint. Violation: 396.13(c) No reviewing driver signature on DVIR | | | | | | 4 |

99. According to the Federal Motor Carrier Safety Administration, as of July 25, 2022, Defendant Soby Logistics had an out-of-service rate of 15.9% for its drivers, over twice the national average of 6%, as shown below:

**SOBY LOGISTICS LLC**
U.S. DOT#: 3060873
Address: 1301 RIVERSIDE DR
FORT WORTH, TX 76111
Number of Vehicles: 48
Number of Drivers: 38
Number of Inspections: 118

**Safety Rating & OOS Rates**
(As of 07/25/2022 updated daily from SAFER)

**Not Rated**

**Out of Service Rates**

| Type | OOS % | National Avg % |
|---|---|---|
| Vehicle | 9.5 | 21.4 |
| Driver | 15.9 | 6.0 |
| Hazmat | | 4.5 |

100.    Defendant Soby Logistics previously violated the federal regulations in the areas of Unsafe Driving, Hours of Service Compliance, Driver Fitness, and Vehicle Maintenance, as shown in the Violation Summary and Inspection History below:[5]

| VIOLATION SUMMARY | | Violations: 120 | | | |
|---|---|---|---|---|---|
| Violations | Description | # Violations | # OOS Violations | Violation Severity Weight | BASIC |
| 392.16 | Failing to use seat belt while operating a CMV | 1 | 0 | 7 | Unsafe Driving |
| 392.2C | Failure to obey traffic control device | 6 | 0 | 5 | Unsafe Driving |
| 392.2LC | Improper lane change | 1 | 0 | 5 | Unsafe Driving |
| 392.2-SLLS2 | State/Local Laws - Speeding 6-10 miles per hour over the speed limit. | 1 | 0 | 1 | Unsafe Driving |
| ↳ State Citation Result: Conviction of a Different Charge | | | | | |
| 392.2-SLLS2 | State/Local Laws - Speeding 6-10 miles per hour over the speed limit. | 2 | 0 | 4 | Unsafe Driving |
| 392.2-SLLS3 | State/Local Laws - Speeding 11-14 miles per hour over the speed limit. | 3 | 0 | 7 | Unsafe Driving |
| 392.2-SLLSWZ | State/Local Laws - Speeding work/construction zone. | 1 | 0 | 10 | Unsafe Driving |
| 395.22G | Portable ELD not mounted in a fixed position and visible to driver | 2 | 0 | 1 | HOS Compliance |
| 395.22H1 | Driver failing to maintain ELD user's manual | 1 | 0 | 1 | HOS Compliance |
| 395.22H2 | Driver failing to maintain ELD instruction sheet | 2 | 0 | 1 | HOS Compliance |
| 395.22H3 | Driver failed to maintain instruction sheet for ELD malfunction reporting requirements | 1 | 0 | 1 | HOS Compliance |
| 395.22H4 | Driver failed to maintain supply of blank drivers records of duty status graph-grids | 3 | 0 | 1 | HOS Compliance |
| 395.24C2III | Driver failed to manually add shipping document number | 1 | 0 | 1 | HOS Compliance |
| 395.26(b) | Motor carrier failed to ensure that the ELD automatically recorded the required data elements. | 1 | 0 | 1 | HOS Compliance |
| 395.32B | Driver failed to assume or decline unassigned driving time | 3 | 0 | 5 | HOS Compliance |
| 395.3A2-PROP | Driving beyond 14 hour duty period (Property carrying vehicle) | 3 | 1 | 7 | HOS Compliance |
| 395.3(a)(3)(ii) | Driving beyond 8 hour driving limit since the end of the last on duty, off duty, or sleeper period of at least 30 minutes | 1 | 0 | 7 | HOS Compliance |
| 395.3A3-PROP | Driving beyond 11 hour driving limit. (Property Carrying Vehicle) | 1 | 0 | 7 | HOS Compliance |
| 395.8 | Record of Duty Status violation (general/form and manner) | 3 | 0 | 1 | HOS Compliance |
| 395.8A-ELD | ELD - No record of duty status (ELD Required) | 2 | 2 | 5 | HOS Compliance |
| 395.8(e) | False report of drivers record of duty status | 13 | 12 | 7 | HOS Compliance |
| 392.8(e)(1)PC | False Record of Duty Status - Improper use of Personal Conveyance Exception | 1 | 0 | 7 | HOS Compliance |
| 395.8F01 | Drivers record of duty status not current | 1 | 0 | 5 | HOS Compliance |
| 395.8(k)(2) | Driver failing to retain previous 7 days records of duty status | 1 | 1 | 5 | HOS Compliance |

---

[5] Safety Measurement System – Complete SMS Profile (U.S. DOT #3060873) downloaded July 26, 2022; https://ai.fmcsa.dot.gov/SMS/Carrier/3060873/CompleteProfile.aspx.

| | | | | | |
|---|---|---|---|---|---|
| 383.23(a)(2) | Operating a CMV without a CDL | 3 | 3 | 8 | Driver Fitness |
| 383.51A-SOUT | Driving a CMV while CDL is suspended for safety-related or unknown reason and outside the state of driver's license issuance | 1 | 1 | 5 | Driver Fitness |
| 391.11(b)(2) | Driver cannot read or speak the English language sufficiently to respond to official inquiries. | 1 | 0 | 4 | Driver Fitness |
| 391.11(b)(4) | Driver not physically qualified | 1 | 1 | 2 | Driver Fitness |
| 391.11B5-DNL | Driver does not have a valid operator's license for the CMV being operated. | 1 | 1 | 4 | Driver Fitness |
| 392.2WC | Wheel (Mud) Flaps missing or defective | 2 | 0 | 1 | Vehicle Maint. |
| 392.9(a)(2) | Failing to secure vehicle equipment | 1 | 1 | 1 | Vehicle Maint. |
| 393.1TU | Truck-Tractor upper body corner requirements for retroreflective sheeting or reflex reflective material for vehicles manufactured after July 1997 | 2 | 0 | 3 | Vehicle Maint. |
| 393.203(b) | Cab/body improperly secured to frame | 1 | 0 | 2 | Vehicle Maint. |
| 393.203(c) | Hood not securely fastened | 1 | 0 | 2 | Vehicle Maint. |
| 393.207(b) | Adjustable axle locking pins missing or not engaged | 1 | 1 | 7 | Vehicle Maint. |
| 393.207(f) | Air suspension pressure loss | 1 | 0 | 7 | Vehicle Maint. |
| 393.25(a) | Improper Lamp Mounting | 1 | 0 | 6 | Vehicle Maint. |
| 393.30 | Improper battery installation | 1 | 0 | 3 | Vehicle Maint. |
| 393.45 | Brake tubing and hose adequacy | 1 | 1 | 4 | Vehicle Maint. |
| 393.45(b)(2) | Brake hose or tubing chafing and/or kinking | 1 | 0 | 4 | Vehicle Maint. |
| 393.45B2PC | Brake Hose or Tubing Chafing and/or Kinking - Connection to Power Unit | 1 | 0 | 4 | Vehicle Maint. |
| 393.47(e) | Clamp or Roto type brake out-of-adjustment | 2 | 0 | 4 | Vehicle Maint. |
| 393.48(a) | Inoperative/defective brakes | 1 | 1 | 4 | Vehicle Maint. |
| 393.53(b) | CMV manufactured after 10/19/94 has an automatic airbrake adjustment system that fails to compensate for wear | 1 | 0 | 4 | Vehicle Maint. |
| 393.55(e) | No or Defective ABS Malfunction Indicator Lamp for trailer manufactured after 03/01/1998 | 1 | 0 | 4 | Vehicle Maint. |
| 393.60(c) | Damaged or discolored windshield | 2 | 0 | 1 | Vehicle Maint. |
| 393.75(a)(3) | Tire-flat and/or audible air leak | 2 | 2 | 8 | Vehicle Maint. |
| 393.75(c) | Tire-other tread depth less than 2/32 of inch measured in a major tread groove | 1 | 0 | 8 | Vehicle Maint. |
| 393.9 | Inoperable Required Lamp | 7 | 0 | 2 | Vehicle Maint. |
| 393.95(a) | No/discharged/unsecured fire extinguisher | 1 | 0 | 2 | Vehicle Maint. |
| 393.95(f) | No / insufficient warning devices | 1 | 0 | 2 | Vehicle Maint. |
| 393.9H | Inoperable head lamps | 4 | 0 | 6 | Vehicle Maint. |
| 393.9T | Inoperable tail lamp | 2 | 0 | 6 | Vehicle Maint. |
| 393.9TS | Inoperable turn signal | 7 | 1 | 6 | Vehicle Maint. |
| 396.17(c) | Operating a CMV without proof of a periodic inspection | 5 | 0 | 4 | Vehicle Maint. |
| 396.3(a)(1) | Inspection, repair and maintenance of parts and accessories | 1 | 0 | 2 | Vehicle Maint. |
| 396.3A1B | Brakes (general) Explain: | 2 | 0 | 4 | Vehicle Maint. |
| 396.3(a)1BOS | BRAKES OUT OF SERVICE: The number of defective brakes is equal to or greater than 20 percent of the service brakes on the vehicle or combination | 1 | 1 | 0 | Vehicle Maint. |
| 396.3(a)(1) | Brake - Leak from air chamber | 1 | 1 | 4 | Vehicle Maint. |
| 396.3A1-LLEAK | A liquid fuel system with a dripping leak at any point. | 1 | 1 | 3 | Vehicle Maint. |
| 396.3A1T | Tires (general) | 1 | 0 | 8 | Vehicle Maint. |

## INSPECTION HISTORY

**Total Inspections: 118**

| Report | | | Vehicle | | | Measure | |
|---|---|---|---|---|---|---|---|
| Inspection Date | Number | State | Plate Number | Plate State | Type | Severity Weight (SW) | Time Weight (TiW) |
| 8/10/2021 | ID4700003330 | ID | R511253 | TX | TRUCK TRACTOR | | 2 |
| HOS Compliance Violation: 395.8(e) False report of drivers record of duty status (OOS) | | | | | | 7 + 2 (OOS) | |
| 6/24/2021 | NM2434L4V0B4 | NM | R478233 | TX | TRUCK TRACTOR | | 2 |
| Vehicle Maint. Violation: 393.95(f) No / insufficient warning devices | | | | | | 2 | |
| Vehicle Maint. Violation: 393.9H Inoperable head lamps | | | | | | 6 | |
| 6/24/2021 | MO0900000929 | MO | KET813 | IA | STRAIGHT TRUCK | | 2 |
| HOS Compliance Violation: 395.22G Portable ELD not mounted in a fixed position and visible to driver | | | | | | 1 | |
| HOS Compliance Violation: 395.22H4 Driver failed to maintain supply of blank drivers records of duty status graph-grids | | | | | | 1 | |
| 6/18/2021 | IL3998250446 | IL | Z076843 | UT | TRUCK TRACTOR | | 1 |
| Unsafe Driving Violation: 392.2LC Improper lane change | | | | | | 5 | |
| 6/16/2021 | TNTBNF000994 | TN | R517037 | TX | TRUCK TRACTOR | | 1 |
| Driver Fitness Violation: 391.11B5-DNL Driver does not have a valid operator's license for the CMV being operated. (OOS) | | | | | | 8 + 2 (OOS) | |
| HOS Compliance Violation: 395.8(e) False report of drivers record of duty status (OOS) | | | | | | 7 + 2 (OOS) | |

19

| Date | Report | State | Plate | State | Vehicle Type | | Count |
|---|---|---|---|---|---|---|---|
| 4/21/2021 | WI2653002642 | WI | K098107 | WI | STRAIGHT TRUCK | | 1 |

Driver Fitness Violation: 391.11(b)(2) Driver cannot read or speak the English language sufficiently to respond to official inquiries. — 4
Vehicle Maint. Violation: 393.9 Inoperable Required Lamp — 2

| 3/30/2021 | COPF05501945 | CO | R505095 | TX | TRUCK TRACTOR | | 1 |

HOS Compliance Violation: 395.22H1 Driver failing to maintain ELD user's manual — 1
HOS Compliance Violation: 395.32B Driver failed to assume or decline unassigned driving time — 5
HOS Compliance Violation: 395.22H3 Driver failed to maintain instruction sheet for ELD malfunction reporting requirements — 1

| 2/25/2021 | OKPE10172794 | OK | 93J7PB | MO | STRAIGHT TRUCK | | 1 |

Vehicle Maint. Violation: 393.203(b) Cab/body improperly secured to frame — 2
Vehicle Maint. Violation: 393.9 Inoperable Required Lamp — 2
Vehicle Maint. Violation: 393.9TS Inoperative turn signal — 6

| 1/30/2021 | WY4101001906 | WY | R494488 | TX | TRUCK TRACTOR | | 1 |

HOS Compliance Violation: 395.24C2III Driver failed to manually add shipping document number — 1
HOS Compliance Violation: 395.22H4 Driver failed to maintain supply of blank drivers records of duty status graph-grids — 1
HOS Compliance Violation: 395.8(e) False report of drivers record of duty status — 7

| 1/26/2021 | GA1331001913 | GA | R515642 | TX | TRUCK TRACTOR | | 1 |

Unsafe Driving Violation: 392.2C Failure to obey traffic control device — 5

| 1/12/2021 | NYSPT0430800 | NY | R394802 | TX | TRUCK TRACTOR | | 1 |

HOS Compliance Violation: 395.32B Driver failed to assume or decline unassigned driving time — 5
HOS Compliance Violation: 395.8(e) False report of drivers record of duty status (OOS) — 7 + 2 (OOS)

| 1/3/2021 | TXSX5F0XJG9V | TX | R494488 | TX | TRUCK TRACTOR | | 1 |

Vehicle Maint. Violation: 393.9H Inoperable head lamps — 6

| 12/17/2020 | IA000P120SBW | IA | Z074991 | UT | TRUCK TRACTOR | | 1 |

Vehicle Maint. Violation: 393.203(c) Hood not securely fastened — 2
Vehicle Maint. Violation: 396.17(c) Operating a CMV without proof of a periodic inspection — 4
HOS Compliance Violation: 395.8(e) False report of drivers record of duty status (OOS) — 7 + 2 (OOS)
HOS Compliance Violation: 395.22G Portable ELD not mounted in a fixed position and visible to driver — 1
Vehicle Maint. Violation: 393.9H Inoperable head lamps — 6
Vehicle Maint. Violation: 393.60(c) Damaged or discolored windshield — 1
Vehicle Maint. Violation: 393.55(e) No or Defective ABS Malfunction Indicator Lamp for trailer manufactured after 03/01/1998 — 4
Vehicle Maint. Violation: 393.45(b)(2) Brake hose or tubing chafing and/or kinking — 4

| 12/15/2020 | MISHEPZ02054 | MI | 31J3HF | MO | STRAIGHT TRUCK | | 1 |

Unsafe Driving Violation: 392.2-SLLS2 State/Local Laws - Speeding 6-10 miles per hour over the speed limit. — 1
&#8627; State Citation Result: Conviction of a Different Charge

| 12/1/2020 | MN00ZV004131 | MN | 31J3HF | MO | STRAIGHT TRUCK | | 1 |

HOS Compliance Violation: 395.8 Record of Duty Status violation (general/form and manner) — 1
HOS Compliance Violation: 395.8F01 Drivers record of duty status not current — 5

| 11/3/2020 | NM3248121984 | NM | R4271 | TX | TRUCK TRACTOR | | 1 |

Vehicle Maint. Violation: 393.45 Brake tubing and hose adequacy (OOS) — 4 + 2 (OOS)
Vehicle Maint. Violation: 393.9TS Inoperative turn signal (OOS) — 6 + 2 (OOS)
HOS Compliance Violation: 395.8(e) False report of drivers record of duty status (OOS) — 7 + 2 (OOS)

| 11/3/2020 | WI2369005737 | WI | 31J4HF | MO | STRAIGHT TRUCK | | 1 |

Unsafe Driving Violation: 392.2-SLLS3 State/Local Laws - Speeding 11-14 miles per hour over the speed limit. — 7

| 10/31/2020 | IDS600010026 | ID | K107626 | TX | STRAIGHT TRUCK | | 1 |

HOS Compliance Violation: 395.8(e) False report of drivers record of duty status (OOS) — 7 + 2 (OOS)
Vehicle Maint. Violation: 396.3A1B Brakes (general) Explain: — 4

| 10/21/2020 | TNDDRB003626 | TN | VMA6A3A | AZ | STRAIGHT TRUCK | | 1 |

Driver Fitness Violation: 391.11(b)(4) Driver not physically qualified (OOS) — 2 + 2 (OOS)
Vehicle Maint. Violation: 393.9TS Inoperative turn signal — 6

| 9/28/2020 | MIGENTC01297 | MI | 22J3HE | MO | STRAIGHT TRUCK | | 1 |

Driver Fitness Violation: 383.23(a)(2) Operating a CMV without a CDL (OOS) — 8 + 2 (OOS)
Unsafe Driving Violation: 392.2-SLLS2 State/Local Laws - Speeding 6-10 miles per hour over the speed limit. — 4

| 9/19/2020 | KYCV44101129 | KY | 753XBC | CO | TRUCK TRACTOR | | 1 |

HOS Compliance Violation: 395.8(e) False report of drivers record of duty status (OOS) — 7 + 2 (OOS)

20

101. One or more of the Trucking Defendants, through its agents and employees, knew, had reason to know, or should have known by exercising reasonable care, about the risks set forth in this complaint and that by simply exercising reasonable care these risks would be reduced or eliminated. These risks include, but are not limited to:

    a. the risks associated with failing to properly maintain its tractor-trailer;

    b. the risks associated with failing to properly inspect its tractor-trailer;

    c. the risks associated with failing to properly repair its tractor-trailer;

    d. the risks associated with unsafe and unqualified drivers;

    e. the risks associated with failing to train drivers to obey the FMCSR;

    f. the risks associated with failing to train drivers to follow minimum driving standards for commercial drivers;

    g. the risks associated with failing to train drivers to follow minimum inspection standards for commercial drivers;

    h. the risks associated with failing to train drivers to follow minimum maintenance standards for commercial drivers;

    i. failing to ensure its routes could be driven within hours-of-service;

    j. requiring drivers to meet unrealistic driving goals which the Trucking Defendants knew, had reason to know, or should have known would cause its drivers to violate the hours-of-service regulations;

    k. failing to have policies and procedures in place to identify undertrained and unqualified drivers;

    l. failure to appropriately implement and enforce risk management policies and procedures to monitor and assess Defendant Ali Hamouda Abdelrahman once he was hired; and

    m. failing to use the composite knowledge reasonably available to the Trucking Defendants to analyze the data available to it to identify the risk, take steps to reduce or eliminate the risk, and to protect members of the public from that risk.

102. The Trucking Defendants were engaged in a joint enterprise.

103.     The negligence of one or more of the Trucking Defendants was a proximate cause of the injuries sustained by Ms. Mendoza.

104.     As a result of the Trucking Defendants' actions and inactions, Ms. Mendoza suffered serious injuries affecting her activities of normal daily living.

105.     The negligence, and gross negligence, of the Trucking Defendants individually, or combined and concurring with the negligence of the other Defendants, was a legal and proximate cause of the damages to Ms. Mendoza, for which she is entitled to receive restitution for past, present and future economic and non-economic damages to the extent allowed by law.

106.     The injuries suffered by Ms. Mendoza are the type that are foreseeable consequences of a negligent act.

**COUNT II**
**NEGLIGENCE OF ALI HAMOUDA ABDELRAHMAN**

107.     All preceding statements and allegations of the complaint are incorporated herein and realleged as if expressly set forth herein.

108.     At the time of the wreck, Defendant Ali Hamouda Abdelrahman failed to exercise due care by failing to drive the tractor-trailer at a safe speed, failing to maintain a safe lookout, failing to keep the tractor-trailer under proper control, failing to devote full time and attention to operating the tractor-trailer, and operating the tractor-trailer in such a manner that resulted in a crash with Ms. Mendoza.

109.     The tractor-trailer driven by Defendant Ali Hamouda Abdelrahman was driven with the permission, and at the direction of one or more of the Trucking Defendants.

110.     Upon information and belief, the tractor-trailer driven by Defendant Ali Hamouda Abdelrahman was driven in the course and scope of his employment with the business of one or more of the Trucking Defendants.

22

111.     At the time and place of this wreck, Defendant Ali Hamouda Abdelrahman was generally negligent under the circumstances then and there existing in that he:

      a.  failed to keep a proper lookout;

      b.  failed to keep his vehicle under control;

      c.  failed to maintain a safe distance around his vehicle;

      d.  failed to maintain his lane of travel;

      e.  failed to ensure that he could safely change lanes;

      f.  failed to yield to traffic in the other lane;

      g.  failed to alter his direction of travel, or take any other appropriate action when he, by the exercise of due and reasonable care, should have observed Ms. Mendoza's vehicle in the other lane;

      h.  failed to operate his vehicle in a safe and prudent manner in view of the conditions which existed at the time of the wreck;

      i.  drove in a careless manner;

      j.  drove in a reckless manner;

      k.  failed to operate his vehicle in a manner considerate of the safety and lives of other persons lawfully on the roadway;

      l.  failed to inspect his vehicle in a manner considerate of the safety and lives of the others persons lawfully on the road; and

      m.  such other actions or inactions that may be shown at a hearing of this cause.

112.     Defendant Ali Hamouda Abdelrahman's negligence was a direct and proximate cause of the collision with Ms. Mendoza.

113.     Defendant Ali Hamouda Abdelrahman's negligence was a direct and proximate cause of the injuries suffered by Ms. Mendoza.

114.     As a result of Defendant Ali Hamouda Abdelrahman's actions and inactions, Ms. Mendoza suffered serious injuries affecting her activities of normal daily living.

115.     The negligence, and gross negligence, of Defendant Ali Hamouda Abdelrahman individually, or combined and concurring with the negligence of the Trucking Defendants, was a legal and proximate cause of the damages to Ms. Mendoza, for which she is entitled to receive restitution for past, present and future economic and non-economic damages to the extent allowed by law.

116.     The injuries suffered by Ms. Mendoza are the type that are foreseeable consequences of a negligent act.

### COUNT III
### NEGLIGENCE OF SOBY LOGISTICS

117.     All preceding statements of the complaint are incorporated herein and realleged as if expressly set forth herein.

118.     Defendant Soby Logistics selected Defendant Dar Logistics for this trip even though they knew or should have known of Defendant Dar Logistics' "CONDITIONAL" safety rating and poor performance history.

119.     Defendant Soby Logistics breached its duty to investigate, hire, and employ safe motor carriers and negligently entrusted the tractor and trailer to Defendants Dar Logistics and/or Ali Hamouda Abdelrahman.

120.     Defendant Soby Logistics failed to properly supervise Defendant Dar Logistics.

121.     As a result of Defendant Soby Logistics' gross neglect of the risks attendant to its decision not to vet its motor carrier, not to train its agents in their inherently dangerous work, and not to develop or enforce appropriate guidelines consistent with prevailing safety standards and applicable law, Defendant Soby Logistics is liable for actual and punitive damages under applicable law.

122.     The negligence, and gross negligence, of Defendant Soby Logistics individually, or combined and concurring with the negligence of the other Defendants, was a legal and proximate cause of the damages to Ms. Mendoza, for which she is entitled to receive restitution for past, present and future economic and non-economic damages to the extent allowed by law.

123.     The injuries suffered by Ms. Mendoza are the type that are foreseeable consequences of a negligent act.

**COUNT IV**
**NEGLIGENCE *PER SE***

124.     All preceding statements of the complaint are incorporated herein and realleged as if expressly set forth herein.

125.     At the time and place of this wreck, Defendant Ali Hamouda Abdelrahman was negligent *per se* in that he violated one or more of the statutes of the State of Tennessee to include, but not be limited to:

      a.  T.C.A. § 55-8-103      Required Obedience to Traffic Laws;

      b.  T.C.A. § 55-8-123      Failure to Maintain Lane;

      c.  T.C.A. § 55-8-136(b)    Failure to Exercise Due Care;

      d.  T.C.A. § 55-8-142      Failure to Make Safe Lane Change;

      e.  T.C.A. § 55-8-143      Failure to Make Safe Lane Change / Signal; and

      f.  T.C.A. § 55-10-205    Reckless Driving.

126.     Defendant Ali Hamouda Abdelrahman was subject to the "Federal Motor Carrier Safety Regulations" 49 CFR §§ 301-399 either directly, or as adopted by the Tennessee Department of Transportation Safety Rules & Regulations 1340-6-1-.08 and pursuant to T.C.A. §§ 65-15-101, 65-15-102 and 65-15-111, at the time and date of the wreck.

127. Defendant Ali Hamouda Abdelrahman will be shown at trial to have violated one or more of the Federal Motor Carrier Safety Regulations which constitutes negligence *per se*, including but not limited to:

    a. Part 383   Commercial Driver's License Standards

    b. Part 390   General

    c. Part 391   Qualifications of Drivers

    d. Part 392   Driving of Commercial Motor Vehicles

    e. Part 393   Parts and Accessories Necessary for Safe Operation

    f. Part 395   Hours of Service

    g. Part 396   Inspections, Repairs, and Maintenance

128. The negligence, and gross negligence, of Defendant Ali Hamouda Abdelrahman individually, or combined and concurring with the negligence of the other Defendants, was a legal and proximate cause of the damages to Ms. Mendoza, for which she is entitled to receive restitution for past, present and future economic and non-economic damages to the extent allowed by law.

129. The injuries suffered by Ms. Mendoza are the type that are foreseeable consequences of a negligent act.

## COUNT V
## DAMAGES

130. All preceding statements and allegations of the complaint are incorporated herein and realleged as if expressly set forth herein.

131. As a direct and proximate result of the Defendants' negligence, the Plaintiff was made to suffer economic and non-economic damages of a type for which the law allows her to seek restitution from Defendants.

26

132.    The damages suffered by the Plaintiff fall within the foreseeable range of harms that result from Defendants' negligence.

133.    As set forth more fully in the facts hereinabove, each of the Defendants acted in a willful, wanton and reckless manner which either alone, or combined and concurring with the actions of the other Defendants' acts of negligence, directly and proximately caused the collision and the Plaintiff's injuries.

134.    Defendants knowingly, intentionally, recklessly, and/or willfully disregarded the Federal Motor Carrier Safety Regulations.

135.    Defendants' conduct constituted a conscious disregard for the life and safety of the Plaintiff, and for the lives and safety of the motoring public generally, and these Defendants are therefore liable for exemplary or punitive damages.

**WHEREFORE,** Plaintiffs pray that the following relief be granted:

a.  A trial by jury;

b.  For summons and complaint to issue against Defendants;

c.  For judgment against the Defendants, to compensate Plaintiff for her past, present, and future economic and non-economic damages;

d.  For judgment against the Defendants in an amount the jury believes to be just, fair and equitable, given the facts and after hearing the issues in this case as restitution for Plaintiff's past, present, and future economic and non-economic damages;

e.  For an award of punitive damages against the Defendants in an amount the jury believes to be just, fair and equitable, given the facts and after hearing the issues in this case;

f.  For Court costs and discretionary costs; and

g.  For all such further and general relief which this Court deems just and proper.

Respectfully submitted,

**TRUCK WRECK JUSTICE, PLLC**


BY:   /s/ Danny R. Ellis
        **DANNY R. ELLIS, BPR #020747**
        **MORGAN G. ADAMS, BPR # 013693**
        TRUCK WRECK JUSTICE, PLLC
        1419 Market Street
        Chattanooga, Tennessee   37402
        Telephone:    (423) 265-2020
        Facsimile:    (423) 265-2025

        *Attorneys for Plaintiff*